UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RED PRAIRIE CORPORATION,

    Plaintiff,

v.                                      Case No. 05-C-1193

JABIL GLOBAL SERVICES INC.,

    Defendant.

**PROTECTIVE ORDER**

**IT IS HEREBY ORDERED**, based on the parties' Stipulation Regarding Confidential Discovery Materials, that the following terms and conditions shall govern any discovery conducted in this proceeding:

1. Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information. Except for documents produced for inspection at the parties' facilities, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who

inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

2.      Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives must be deemed confidential only if they are designated as such when the deposition is taken.

3.      Information or documents designated as confidential under this rule must not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraph (4) for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

4.      The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this rule to any other person or entity, expect that disclosures may be made in the following circumstances:

(a)     Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be advised of, and become subject to, the provisions of this Protective Order requiring that the documents and information be held in confidence.

(b)     Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

(c)     Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to

disclosure to a court reporter or person engaged in making photocopies, such person must agree to be bound by the terms of this Protective Order.

  (d) Disclosure may be made to consultants and experts (hereinafter referred to collectively as "experts") engaged or employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence.

5. Except as provided in paragraph (4), counsel for the parties must keep all documents designated as confidential which are received pursuant to this Protective Order, secure within their exclusive possession and must place such documents in a secure area.

6. All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this rule, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

7. If a document contains information so sensitive that it should not be disclosed to persons other than those persons identified in paragraphs 4(a), 4(c), and 4(d), it shall bear the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Documents so designated may not be disclosed to persons, including clients, other than those identified in paragraphs 4(a), 4(c), and 4(d) above. After consulting with the other party, application for relief from this restriction may be made to the Court by the party seeking to disclose the documents to persons other than those identified in paragraph 4(a), 4(c), and (d) above.

8. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with this Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED." A reference to this Protective Order may also be made on the envelope.

9. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Protective Order unless the party claiming a need for greater protection moves for and obtains from this Court an order providing such special protection. Any such motion must be made within the time frame contemplated by Fed. R. Civ. P. 34.

10. The designation of confidentiality by a party may be challenged by the opponent upon motion, provided that the moving party has first made a good faith effort to reach an agreement with the non-moving party as to the removal of the designation of confidentiality. The party prevailing on any such motion may be entitled to recover as motion costs its actual attorneys fees and costs attributable to the motion.

11. At the conclusion of the litigation, all material treated as confidential under this Protective Order must be returned to the originating party or destroyed by the party to whom the materials were produced, without retaining any copies. In the event the party to whom the materials were produced elects to destroy the materials, the party shall promptly supply an affidavit certifying that the materials have been destroyed to the originating party.

**SO ORDERED** this 13th day of January 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge